UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

ANDRE ZEIGLER,

    Petitioner,

v.

SHERRY YATES, et al.,

    Respondents.

Civil Action No. 16-8341 (SDW)

OPINION

**WIGENTON**, District Judge:

Presently before the Court is the petition for a writ of habeas corpus of Andre Zeigler ("Petitioner") brought pursuant to 28 U.S.C. § 2254 challenging Petitioner's state court conviction (ECF No. 1). On November 17, 2016, this Court ordered Petitioner to show cause why his petition should not be dismissed as time barred. (ECF No. 2). Petitioner filed a response to that order on December 8, 2016. (ECF No.3). For the following reasons, this Court will dismiss the petition with prejudice as time barred and will deny Petitioner a certificate of appealability.

**I. BACKGROUND**

Because the sole issue before this Court is whether or not Petitioner's current petition for a writ of habeas corpus is timely, only a brief recitation of the procedural history of this matter is necessary to provide context for the Court's opinion. In the order directing Petitioner to show cause, this Court summarized that procedural history as follows:

> In most cases, including this one, the one year statute of limitations applicable to petitions brought under § 2254 begins to run on the "date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review

1

> including the 90-day period for filing a petition for writ of certiorari in the United States Supreme Court." *See Figueroa v. Buechele*, No. 15-1200, 2015 WL 1403829, at *2 (D.N.J. Mar. 25, 2015).
>
> Petitioner was sentenced on November 5, 2008. (ECF No. 1 at 2). Petitioner appealed, and the New Jersey Appellate Division affirmed his conviction and sentence on June 8, 2010. (*Id.* at 3). Petitioner does not appear to have filed a petition for certification with the New Jersey Supreme Court on direct appeal.[1] Because Petitioner did not file a petition for certification, his conviction became final and his limitations period began to run when the time for filing such a petition expired twenty days later on June 28, 2010. *See Figueroa*, 2015 WL 1403829, at *2; N.J. Court Rule 2:12-3(a) (notice of petition for certification must be filed "within 20 days" after the entry of judgment by the Appellate Division). Absent equitable or statutory tolling, then, Petitioner's one year habeas statute of limitations had run as of June 28, 2011, more than five years before this petition was filed.
>
> The AEDPA statute of limitations, however, can be statutorily tolled by a properly filed petition for post-conviction relief, *Id.* at *2. In this matter, Petitioner states that he filed his petition for post-conviction relief on February 1, 2013. (ECF No. 1 at 19). Because Petitioner's post-conviction relief petition was not filed until approximately a year and a half after the AEDPA limitations period had already expired, statutory tolling can therefore provide Petitioner no benefit absent sufficient basis for equitably tolling the limitations period between June 2011 and February 2013.

(ECF No. 2 at 1-2, internal paragraph numbers omitted).

Based on this history, this Court ordered Petitioner to show cause why his petition should not be dismissed with prejudice as time barred. (ECF No. 2). Petitioner responded to that Order on December 8, 2016. (ECF No. 3). In his petition, Petitioner "concedes that, because the Appellate Division's Order [affirming his conviction] is dated June 8, 2010, any challenge to that

---

[1] "Petitioner states in his petition that he sought review by a higher court, but provides only the date for the denial of certification on PCR to support that assertion. (*Id.* at 3). The citation he provides likewise refers to the denial of certification on his PCR petition. (*Id.* at 4)." (ECF No. 2 at 2 n. 1).

Order would sur[e]ly be time barred." (*Id.* at 3). Petitioner contends, however, that he is not challenging his conviction or the direct review thereof, but is instead challenging the denial of his PCR Petition. (*Id.* at 1-3). Although Petitioner was ordered also to explain whether he is "in custody" according to his underlying conviction in so much as he may still be subject to some amount of supervised release, Petitioner failed to address that question in responding to the Order. (*Id.*). Because it is not clear from the face of the petition that Petitioner is not still in custody based on some amount of unexpired supervised release, however, this Court will assume for the purposes of this Opinion that Petitioner is still "in custody."

## II. DISCUSSION

### A. Legal Standard

Under 28 U.S.C. § 2254(a), the district court "shall entertain an application for a writ of habeas corpus [o]n behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." A habeas petitioner has the burden of establishing his entitlement to relief for each claim presented in his petition based upon the record that was before the state court. *See Eley v. Erickson*, 712 F.3d 837, 846 (3d Cir. 2013); *see also Parker v. Matthews*, --- U.S. ---, ---,132 S. Ct. 2148, 2151 (2012). Under the statute, as amended by the Anti-Terrorism and Effective Death Penalty Act, 28 U.S.C. § 2244 ("AEDPA"), district courts are required to give great deference to the determinations of the state trial and appellate courts. *See Renico v. Lett*, 559 U.S. 766, 772-73 (2010).

Where a claim has been adjudicated on the merits by the state courts, the district court shall not grant an application for a writ of habeas corpus unless the state court adjudication

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1)-(2). Federal law is clearly established for these purposes where it is clearly expressed in "only the holdings, as opposed to the dicta" of the opinions of the United States Supreme Court. *See Woods v. Donald*, --- U.S. ---, ---, 125 S. Ct. 1372, 1376 (2015). "When reviewing state criminal convictions on collateral review, federal judges are required to afford state courts due respect by overturning their decisions only when there could be no reasonable dispute that they were wrong." *Id.* Where a petitioner challenges an allegedly erroneous factual determination of the state courts, "a determination of a factual issue made by a State court shall be presumed to be correct [and the] applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

**B. Analysis**

As this Court explained in its Order to show cause and recounted above, and as Petitioner himself concedes, any habeas challenge as to Petitioner's criminal conviction is well and truly time barred absent some basis for equitable tolling. (ECF No. 2; ECF No. 3 at 3). Equitable tolling, however, "is a remedy which should be invoked 'only sparingly.'" *United States v. Bass*, 268 F. App'x 196, 199 (3d Cir. 2008) (quoting *United States v. Midgley*, 142 F.3d 174, 179 (3d Cir. 1998)). To receive the benefit of equitable tolling, a petitioner must show "(1) that he faced 'extraordinary circumstances that stood in the way of timely filing,' and (2) that he exercised

4

reasonable diligence." *United States v. Johnson*, 590 F. App'x 176, 179 (3d Cir. 2014) (quoting *Pabon v. Mahanoy*, 654 F.3d 385, 399 (3d Cir. 2011)).

In his response to the order to show cause, Petitioner presents no basis for the equitable tolling of the statute of limitations, and instead admits that his petition is time barred to the extent it challenges his underlying conviction. Petitioner contends, however, that he is seeking to challenge only the denial of his PCR petition, and his habeas petition is timely to the extent that it challenges only that petition's denial. The flaw in Petitioner's argument, however, is that habeas corpus is not available to challenge any and all adverse state court decisions. Habeas jurisdiction instead only applies to challenges in which a Petitioner asserts that he is in custody in violation of the laws and constitution of the United States. 28 U.S.C. § 2254(a). Habeas corpus thus may only be used to challenge state court judgments which place a petitioner in custody, and not those judgments which merely deny a petitioner relief from pre-existing custody. *Id.; see also* 28 U.S.C. § 2244. It is for that reason that, absent circumstances not present in this case, the one year limitations period runs not from the denial of a post-conviction relief petition, but instead from "the date on which the judgment [resulting in the challenged custody] became final by the conclusion of *direct review* or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A) (emphasis added). A PCR petition is a form of collateral review, and thus does not set the date from which the limitations period runs, notwithstanding the fact that the challenge presented in a habeas petition raises issues first addressed in a PCR petition or other collateral attack. *Id.* (limitations period runs from the conclusion of *direct* review, not collateral review). Petitioner's argument is therefore without merit and provides no basis for tolling of the statute of limitations period. As Petitioner has otherwise failed to provide any basis for the tolling of the statute of limitations and this Court perceives no such basis, Petitioner's habeas petition must be

dismissed with prejudice as time barred because, as Petitioner concedes, any habeas challenge to his conviction is "sur[e]ly . . . time barred."[2] (ECF No. 3 at 3).

### III. CERTIFICATE OF APPEALABILITY

Pursuant to 28 U.S.C. §2253(c), a petitioner may not appeal from a final order in a habeas proceeding where that petitioner's detention arises out of his state court conviction unless he has "made a substantial showing of the denial of a constitutional right." "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude that the issues presented here are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Because jurists of reason could not disagree with this Court's conclusion that Petitioner's habeas petition is well and truly time barred, nor with this Court's conclusions that Petitioner is not entitled to equitable tolling, Petitioner's habeas petition is inadequate to deserve encouragement to proceed further. As a result, this Court will deny Petitioner a certificate of appealability.

---

[2] That Petitioner filed a collateral attack on that conviction via a PCR petition more than a year after the one year limitations period had expired does not change this fact. *See, e.g., Figueroa*, 2015 WL 1403829, at *2.

**IV. CONCLUSION**

      For the reasons stated above, Petitioner's petition for a writ of habeas corpus is DISMISSED WITH PREJUDICE as time barred and Petitioner is DENIED a certificate of appealability.  An appropriate order follows.


                                                           ___/s/ Susan D. Wigenton_____
                                                   **SUSAN D. WIGENTON, U.S.D.J.**